

**U.S. Department of Justice**

*John W. Vaudreuil*
**United States Attorney**
*Western District of Wisconsin*

*Telephone 608/264-5158*
*TTY 608/264-5006*
*Main Facsimile 608/264-5172*
*Administrative Facsimile 608/264-5183*
*Civil Division Facsimile 608/264-5724*
*Criminal Division Facsimile 608/264 5054*

<u>Address:</u>
*222 W. Washington Avenue, Suite 700*
*Madison, Wisconsin 53703*

July 28, 2014

Mr. Michael G. Goller
Reinhart, Boerner, Van Deuren, S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202-6650

     Re:    United States v. Jared Jerome Hart
             Case No. 14-cr-00027-wmc

Dear Mr. Goller:

       This is the proposed plea agreement between the defendant and the United States in this case.

       1.     The defendant agrees to plead guilty to Count 1 of the indictment in this case. This count charges a violation of 26 U.S.C. § 7206(1), which carries maximum penalties of three years in prison, a $250,000 fine, a one-year period of supervised release, a $100 special assessment, the entry of an appropriate restitution order, and the costs of prosecution. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

       2.     The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel—and if necessary have the Court appoint counsel—at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

       3.     The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that

he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

4. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United States also agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

5. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before July 31, 2014.

6. The defendant agrees to pay restitution to the Wisconsin Department of Revenue in the amount of $61,278.83, and to the Internal Revenue Service (IRS) in the amount of $97,367.40. Further, the defendant understands that if he fails to pay this restitution amount to the IRS, the IRS will use the restitution order as the basis for a civil assessment in that amount, and the defendant will have no right to challenge the amount of this assessment. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith (see McGhee v. Clark, 166 F.3d 884 (7th Cir. 1999)) from the liquidation of all non-exempt assets (see 18 U.S.C. § 3613(a)), beginning immediately.

7. The defendant agrees not to file any claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be

initiated in the future, including the forfeiture of $97,367.40 in U.S. Currency which was seized by the Internal Revenue Service on September 17, 2012. Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding. Defendant agrees to withdraw his claim to the U.S. Currency in Western District of Wisconsin Case No. 13-cv-191. Defendant further agrees to abandon any interest to the U.S. Currency named in 13-cv-191. Upon proof of abandonment by the defendant and any other parties that may have a claim to the U.S. Currency named in 13-cv-191, the United States agrees to dismiss the forfeiture proceeding. Defendant understands and agrees that the United States will turn over the abandoned U.S. Currency to the Internal Revenue Service to satisfy the restitution order.

8.     In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

9.     Defendant understands and agrees that the restitution amount to the IRS set forth in paragraph six accounts for only a portion of the amount owed to the IRS by the defendant, and the defendant understands and agrees that the IRS is free to pursue any additional amounts owed through their Collection Division. The defendant agrees to cooperate with the Collection Division of the IRS regarding the payment of all taxes, interest, and penalties due and owing. The defendant agrees that the Collection Division may use information obtained as a result of this criminal investigation in any civil proceedings to collect taxes due and owing. The defendant reserves his right to advocate to the Collection Division concerning the total tax liability, interest, and penalties, and to appeal, if appropriate, the determinations of the Collection Division with respect to these additional amounts.

10.     The defendant understands that the sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussion between defense counsel and the United States.

11.     If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

12. By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

Very truly yours,

JOHN W. VAUDREUIL
United States Attorney

By:

8/3/2014
Date

MEREDITH P. DUCHEMIN
Assistant United States Attorney

MICHAEL G. GOLLER
Attorney for the Defendant

7/31/14
Date

JARED JEROME HART
Defendant

July 31, 2014
Date

Enclosure